IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DESHAWN RICARDO BROWN,    )
    )
    Petitioner,    )
    )
    )    CIV-05-568-F
v.    )
    )
JOHN WHETSEL, Sheriff,    )
    )
    Respondent.    )

## REPORT  AND  RECOMMENDATION

Petitioner, a convicted prisoner confined at the Oklahoma County Detention Center, has filed this Motion to Reduce or Correct Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  Because Petitioner is challenging the convictions entered against him in the District Court of Oklahoma County, Case No. CF-2004-170, the Motion is construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  So construed, the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

For the following reasons, it is recommended that the Petition be denied upon filing without prejudice.

Petitioner alleges there was insufficient evidence to support several of the convictions entered against him in Case No. CF-2004-170.  State court records, which are available to the public on the worldwide web and of which the Court takes judicial notice, reflect that Petitioner entered a plea of guilty in the District Court of Oklahoma County, Case No. CF-2004-170, to nine counts, including one count of Sexual Abuse of a Child, five counts of Forcible Oral Sodomy, and three counts of Rape in the First Degree, on January 7, 2005, and he was sentenced for these convictions to serve an aggregate sentence of 26 years of imprisonment. <http://www.oscn.net> (docket sheet for State of Oklahoma v. Deshawn Brown, Case No. CF-2004-170; specifically see Judgment and Sentence; Plea of Guilty Summary of Facts; and Plea of Guilty Part B: Sentence on Plea).  Petitioner was advised of his right to appeal these convictions. Id.  Petitioner, however, alleges that he has not attempted to appeal these convictions because he is indigent.

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971).  The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).  Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state

interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995).  If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

Petitioner has an adequate forum to litigate his constitutional claims in a direct appeal. See Okla. Stat. tit. 22, §1051.  Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  "It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066).  See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Moreover, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); see Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982).  In this circuit, a habeas petitioner

satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). See also 28 U.S.C. §2254(b)(i) and (ii). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398; accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

Exceptions to the exhaustion requirement have been recognized (1) where the state has resolved the same issue, as in Brown v. Allen, 344 U.S. 443, 447 (1953), and Goodwin v. Oklahoma, 923 F.3d 156, 158 (10th Cir. 1991); (2) "where the claim has been presented as of right but ignored (and therefore impliedly rejected)," as recognized in Castille v. Peoples, 489 U.S. 346, 351 (1989); and (3) where "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would ... find the claims procedurally barred," as recognized in Coleman v. Thompson, 501 U.S. 722, 732 (1991)("habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him"). See also Castille, 489 U.S. at 351 (exhaustion may exist if habeas petitioner's claims are procedurally barred under state law); Wallace v. Cody, 951 F.2d 1170 (10th Cir. 1991)(exhaustion requirement satisfied if resort to state collateral remedy is futile). In

addition, in <u>Harris v. Champion</u>, 938 F.2d 1062 (10th Cir. 1991), the circuit court recognized that exhaustion of state remedies is excused where circumstances exist causing the remedial process to be "ineffective to protect the rights of the prisoner" due to excessive delay. <u>Id.</u> at 1064.

Petitioner has not shown that he is unable to litigate his constitutional claims in a direct appeal.  There exist well-established avenues for pursuing a direct appeal with court-appointed counsel and with records made at state expense upon a showing of indigency. Petitioner has not alleged, nor do state court records demonstrate, that he has sought and been denied leave to proceed on appeal as an indigent.  Accordingly, the Petition should be denied on the grounds of abstention and failure to demonstrate exhaustion of available state court remedies.


## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DENIED without prejudice to refiling on the basis of abstention and failure to exhaust state court remedies.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   June 21, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___1st___ day of ___June_, 2005.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE